UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| ROBERT W. KINNAMAN, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Nos. 1:05-cv-083 / 1:00-cr-095 |
| ) | *Edgar* |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM**

Petitioner Robert W. Kinnaman ("Kinnaman") has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Clerk is **DIRECTED** to serve a copy of the motion and this Order on the United States Attorney. However, for the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the motion, and the motion will be **DENIED**.

Kinnaman pleaded guilty to armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d). By judgment entered on April 23, 2001, he was sentenced to a term of imprisonment of 90 months; his sentence was based upon a two-level enhancement in his base offense level because a financial institution was involved, a one-level enhancement based upon the amount of money involved, and a five-level enhancement because a firearm was brandished. Kinnaman now alleges his enhanced sentence is invalid pursuant to the U.S. Supreme Court decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), as extended by

*Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005).

In *Apprendi*, the Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Id*. at 490. Kinnaman was subject to a term of imprisonment of not more than 20 years, as provided in 18 U.S.C. § 2113(a). Kinnaman was sentenced to a term of imprisonment of 90 months, his sentence did not exceed the statutory maximum penalty, and therefore *Apprendi* was not implicated in his sentencing. Kinnaman is not entitled to relief on this claim. To the extent Kinnaman alleges *Apprendi* is applicable based upon the *Blakely* decision, there is no reason to apply *Blakely* retroactively to a § 2255 motion such as petitioner's. *See, e.g., In Re Dean*, 375 F.3d 1287 (11th Cir. 2004)

In addition, any claim Kinnaman may have pursuant to *Blakely* is now governed by the Supreme Court's intervening decision in *Booker*, which applied the reasoning in *Blakely* to the federal sentencing guidelines. In *Booker*, the Court noted that its holding should be applied "to all cases on direct review." *United States v. Booker*, 125 S. Ct. at 769. The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break"

2

with the past.'" *Id*. The Sixth Circuit has, in fact, held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005).

It plainly appears from the face of the motion and the prior proceedings in the case that Kinnaman is not entitled to relief in this Court and this action should be summarily dismissed; an evidentiary hearing is not required. Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986). Accordingly, the motion to vacate, set aside or correct sentence will be **DENIED** and this action **DISMISSED**.

In addition to the above, this Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Kinnaman leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE. Kinnaman having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

An order will enter.

                                              */s/ R. Allan Edgar*
                                              R. ALLAN EDGAR
                              CHIEF UNITED STATES DISTRICT JUDGE